# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| AWET OCBAMICHAEL HAYELOM, | )<br>)<br>) |
| Petitioner, | ) |
| v. | ) Case No.:<br>) **4:18-cv-00252-AKK-HNJ** |
| WARDEN, ET AL, | )<br>) |
| Respondents. | ) |

## MEMORANDUM OPINION

On February 14, 2018, Awet Ocbamichael Hayelom filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. At the time he filed his petition, Hayelom, a native of Eritrea, was incarcerated at the Etowah County Detention Center, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In his petition, Hayelom alleged that he was being illegally detained by ICE pending his deportation. On February 27, 2018, the respondent moved to dismiss Mr. Hayelom's petition as moot because Mr. Hayelom was released from ICE custody on February 27, 2018, pursuant to an order of release on supervision. Doc. 4. For the reasons stated below, the motion is due to be granted.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases or controversies." U.S. Const. art. III, § 2. The doctrine of

mootness is derived from this limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). A case is moot and must be dismissed if the court can no longer provide "meaningful relief." *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (citations omitted).

The relief sought by Hayelom in his petition is to be released from ICE custody. Where, as here, Hayelom is no longer in ICE custody, his petition has been rendered moot, unless one of the two exceptions to the mootness doctrine applies. Because neither "collateral consequences" or "capable of repetition yet evading review," *see Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982), apply here, there is no longer any relief that the court can grant to Hayelom, and his petition is due to be dismissed as moot.

Based on the foregoing, the Respondents' motion to dismiss, doc. 6, is **GRANTED**. A separate order will be entered.

**DONE** the 1st day of March, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE